IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:03CR168-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| PETER BOND, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's Motion For Bond Pending Appeal, filed June 16, 2005. The Government filed its response opposing Defendant's request on June 27, 2005.

In 2003, Defendant tendered a straight-up guilty plea to tax evasion in violation of 26 U.S.C. §7201. Defendant was sentenced to fifteen (15) months imprisonment on April 12, 2005. Judgment was entered on April 28, 2005. Defendant filed a Notice of Appeal and the case file has since been transmitted to the Fourth Circuit Court of Appeals. Defendant is now scheduled to report to the Federal Bureau of Prisons <u>on or before June 28, 2005</u>.

In his motion, Defendant requests an order authorizing him to remain on bond pending appeal pursuant to 18 U.S.C. §3143(b).[1] On appeal, Defendant intends to challenge application of a two-level sentencing enhancement under U.S.S.G. §2T1.1. The enhancement essentially penalizes Defendant for evasion of taxes by "sophisticated

---

[1] The parties have accurately stated the criteria for such relief under §3143(b). The Government apparently does not dispute the existence of clear and convincing evidence that Defendant is not likely to flee or to pose a danger to the community. The Court agrees that the first prong of the applicable test is, in fact, satisfied.

1

concealment." In this case, the "sophisticated concealment" enhancement is based upon the creation of a fictitious entity called a "pure trust." While not frivolous, the issue falls short of what might ordinarily be deemed a "substantial" question of law or fact. In other words, the question does not go to the heart of Defendant's conviction or sentence.[2] Moreover, the Court does not find that Defendant is likely to prevail on appeal in that the enhancement is based upon the creation of a fictitious entity. Finally, to the extent Defendant contends that relief is warranted "to ensure the effectiveness of appeal", the Court is not persuaded. Given the limited scope of Defendant's appeal, this Court anticipates a timely disposition from the appellate court.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion For Bond Pending Appeal is hereby **DENIED**. Accordingly, the Deputy Clerk shall forward a copy of the instant Order to the Defendant (via counsel), U.S. Attorney's Office, U.S. Probation, and U.S. Marshal's Service.

---

[2] The Court's calculation reveals that even if successful on appeal, the sentence would only be reduced by two months.

**Signed: June 27, 2005**

Richard L. Voorhees
United States District Judge